UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KENWORTH SCARLETT,

                Plaintiff,

    -against-                           **MEMORANDUM & ORDER**
                                                        17-CV-6039 (PKC) (RLM)

RIKERS ISLAND,

                Defendant.
----------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

On October 10, 2017, Plaintiff Kenworth Scarlett,[1] currently detained at the Kirby Forensic Psychiatric Center, filed this *pro se* action against Defendant Rikers Island. Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B); however, Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint. The Court also grants Defendant's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

## BACKGROUND

Plaintiff appears to allege that he was arrested on May 17, 2008 and that while he was in custody, he was "tortured," beaten, and raped by an "Officer William" and an "Officer Samuels". (*See* Complaint, Dkt. 1, at 4.)[2] He further alleges that he suffered a "cracked . . . eye" and a "broken [left] knee" as a result of both officers' actions and medical malpractice. (*Id.*) Plaintiff also alleges

---

[1] The Court takes judicial notice that Plaintiff has filed numerous cases in this district, most of which have been transferred to the United States District Court for the Southern District of New York, as these cases challenged Plaintiff's arrest in Bronx County. *See Scarlett v. Rikers Island*, No.13-cv-7094 (PKC); *Scarlett v. Warden*, No. 14-cv-0300 (PKC); *Scarlett v. Rikers Island*, No. 13-cv-0301 (PKC); *Scarlett v. Bronx Supreme Court*, No. 15-cv-2467 (PKC).

[2] It is unclear whether Officers William and Samuels are police officers or correction officers and whether the alleged beating and rape occurred on the same date of his arrest.

that he "filed [a] lawsuit [in] 2012 [that] went to Appeal Court and Supreme Court and got denied." (*Id.*) Plaintiff seeks "compensation and protection from Police." (*Id.* at 5.)

## STANDARD OF REVIEW

Plaintiff's Complaint is subject to review under 28 U.S.C. § 1915(e)(2)(B). Pursuant to the *in forma pauperis* statute, a district court shall dismiss a case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The Court must grant leave to amend the complaint if a liberal reading "gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## DISCUSSION

### A. Improper Plaintiff

The only defendant Plaintiff names is Rikers Island, which is part of the New York City Department of Correction, an agency of the City of New York. The New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency." N.Y. City Charter ch. 17, § 396; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Because Plaintiff may not sue a City agency, his claims against Rikers Island are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). *See also Freeman v. Rikers Island C-95*, No. 14 CV 349 (ENV), 2014 WL 1315384, at *2 (E.D.N.Y. Mar.

31, 2014) (Rikers Island is a non-suable entity); *Farray v. Rikers Island Correctional Facility*, No. 12 CV 4717 (ARR), 2012 WL 5289608, at *2 (E.D.N.Y. Oct. 22, 2012) ("Rikers Island is not a 'person' within the meaning of § 1983 and as part of the New York City Department of Correction, an agency of the City of New York, cannot be sued independently.").

### B. Claims Under Section 1983

Even construing Officers William and Samuels as Defendants, Plaintiff still fails to provide sufficient information to determine: (1) whether the claim is timely filed, (2) whether venue is proper in this district, and (3) whether the claim is barred by the doctrine of *res judicata*. First, the only date Plaintiff mentions in the Complaint is his arrest on May 17, 2008; however, this Complaint was filed on October 10, 2017, over nine years later. Claims brought pursuant to 42 U.S.C. § 1983 must be filed within three years of the date on which such claims accrue. *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015); *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994). Second, Plaintiff does not state where he was allegedly injured by the two officers, *i.e.* whether the alleged incidents occurred in the Bronx, where he was arrested and arraigned, or at Rikers Island, where he was incarcerated. Third, to the extent Plaintiff alleges that he filed a lawsuit in 2012, he is advised that if that lawsuit alleged the same claims set forth herein, the doctrine of *res judicata* may bar this action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (prior action based on same claims "precludes the parties or their privies from relitigating issues that were or could have been raised in that action"); *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000).

## C. Medical Malpractice

Finally, to the extent Plaintiff wishes to pursue a negligence or medical malpractice claim against members of Rikers Island staff, he may not do so pursuant to Section 1983 in this Court.[3] Malpractice claims "cannot be brought under Section 1983, because they sound in negligence, and mere negligence does not rise to the level of a constitutional tort." *Bromfield v. New York*, No. 15-CV-3529-CBA-RML, 2016 WL 2917611, at *4 (E.D.N.Y. May 18, 2016) (citation and internal quotation marks omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

## LEAVE TO AMEND

In light of plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days if he can allege a timely claim against the individuals who allegedly violated his constitutional rights and that those violations occurred within this district. In the amended complaint, Plaintiff must name the individuals personally involved, provide the place of employment for each individual, provide the date and location of each event, and describe what each individual defendant did or failed to do in violation of his constitutional rights.

## CONCLUSION

Accordingly, the complaint is dismissed in its entirety. 28 U.S.C. § 1915(e)(2)(B); *id*. § 1915A(b). In light of plaintiff's *pro se* status, however, Plaintiff is granted thirty (30) days to amend his Complaint with regard to his claims against the City of New York.

Should Plaintiff decide to file an amended complaint, it must be submitted within thirty days of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. In the amended complaint, Plaintiff should, to the extent possible, name as proper defendants those individuals who have some personal involvement in the actions he alleges in the

---

[3] Rather, the proper course of action is for him to timely file an action in the New York Court of Claims. N.Y. Correct. Law § 24-a.

amended complaint and provide the dates and locations for each relevant event. Even if Plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe. To the best of his ability, Plaintiff must describe each individual and the role he or she played in the alleged deprivation of his rights. Plaintiff is advised that the amended complaint will completely replace the original complaint.

If Plaintiff fails to comply with this Order within the time allowed, the Complaint shall be dismissed and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

   /s/Pamela K. Chen_____
Pamela K. Chen
United States District Judge

Dated: November 13, 2017
      Brooklyn, New York